**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO:  15-24266-CIV-MARTINEZ-GOODMAN

WIND CONDOMINIUM ASSOCIATION,
 INC., a Florida condominium
association, et al.

       Plaintiffs,

v.

ALLIED TUBE & CONDUIT
CORPORATION, a Delaware
corporation, et al.

       Defendants.
_____

**MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT ON BEHALF OF
DEFENDANTS ALLIED TUBE & CONDUIT CORPORATION; TYCO FIRE
PRODUCTS, L.P.; AND ATKORE
INTERNATIONAL, INC.**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ....................................................................................................1

II.     ARGUMENT .........................................................................................................3

     A.     Standard of Review .................................................................................3

     B.     The Economic-Loss Rule Bars Plaintiffs' Tort Claims for Negligence and Strict Liability (Counts 1-2, 6-7, and 51-52) ...................................4

     C.     The Statutory Implied Warranty Claims Should Be Dismissed Because the Amended Complaint Does Not Sufficiently Plead that Defendants Were "Suppliers" of ABF or CPVC Piping to Plaintiffs (Counts 4, 9, and 54) ..................................................................................6

     D.     The Building Code Claims Fail as a Matter of Law Because Defendants Did Not Construct, Erect, Alter, Repair, Or Demolish Any Building (Counts 5, 10, and 55) .......................................................8

     E.     Plaintiffs' FDUTPA Claims Should Be Dismissed (Counts 3, 8, and 53) .....................................................................................................9

           1.     The FDUPTA Claims Are Insufficiently Pleaded ...................... 9

           2.     Recovery Under the FDUTPA Is Limited to Actual Damages ................ 13

     F.     Plaintiffs' Claim for Civil Conspiracy Likewise Fails (Count 56) ........................14

III.    CONCLUSION....................................................................................................16

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Altenel, Inc. v. Millennium Partners, L.L.C.*,
    947 F. Supp. 2d 1357 (S.D. Fla. 2013) .......................................................................9, 10, 12

*Am. United Life Ins. Co. v. Martinez*,
    480 F.3d 1043 (11th Cir. 2007) .......................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................................3

*Begualg Investment Mgmt Inc. v. Four Seasons Hotel Ltd.*,
    No. 10-22153, 2011 WL 4434891 (S.D. Fla. Sept. 23, 2011) ....................................9, 14, 15

*Behrman v. Allstate Ins. Co.*,
    388 F. Supp. 2d 1346 (S.D. Fla. 2005) ............................................................................15

*Behrman v. Allstate Life Ins. Co.*,
    178 Fed. App'x 862 (11th Cir.2006) ........................................................................14, 15, 16

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................3, 5, 7, 10

*Bray & Gillespie Mgmt. LLC, v. Lexington Ins. Co.*,
    527 F. Supp. 2d 1355 (M.D. Fla. 2007)............................................................................14

*Casa Clara Condo. Assoc. v. Charley Toppino & Sons, Inc.*,
    588 So. 2d 631 (Fla. 3d DCA 1991) ..................................................................................8

*Casa Clara Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc.*,
    620 So. 2d 1244 (Fla. 1993)........................................................................................5, 6, 8

*Centrifugal Air Pumps Australia v. TCS Obsolete*,
    LLC, No. 6:10-cv-820, 2010 WL 3584948 (M.D. Fla. Sept. 9, 2010) ...................................11

*D.H.G. Props., LLC v. Ginn Cos.*,
    No. 3:09-cv-735, 2010 WL 5584464 (M.D. Fla. Sept. 28, 2010).......................................9, 12

*Durham v. Bus. Mgmt. Ass'n.*,
    847 F.2d 1505 (11th Cir. 1988) .......................................................................................13

*Ft. Lauderdale Lincoln Mercury v. Corgnati*,
    715 So. 2d 311 (Fla. 4th DCA 1998) ................................................................................13

*Harbor Landing Condo. Owners Ass'n v. Harbor Landing, L.L.C.*,
    78 So. 3d 120 (Fla. 1st DCA 2012) ................................................................................6, 7

ii

*Henry v. City of Mt. Dora*,
    No. 5:13-cv-528, 2014 WL 5823229 (M.D. Fla. Nov. 10, 2014)............................................2

*In re Palm Beach Partners, L.P.*,
    517 B.R. 310 (Bankr. S.D. Fla. 1993)....................................................................14

*Jarmco, Inc. v. Polygard, Inc.*,
    668 So. 2d 300 (Fla. 4th DCA), *aff'd*, 684 So. 2d 732 (Fla. 1996) .............................5

*Jovine v. Abbott Labs.*,
    795 F. Supp. 2d 1331 (S.D. Fla. 2011) .............................................................9, 13

*Lawrie v. Ginn Cos.*,
    No. 3:09-cv-446, 2010 WL 3746725 (M.D. Fla. Sept. 21, 2010)..............................10, 11, 12

*Orkin Exterminating Co. v. DelGuidice*,
    790 So. 2d 1158 (Fla. 5th DCA 2001) ...............................................................13

*Papasan v. Allain*,
    478 U.S. 265 (1986)........................................................................................7

*Port Marina Condo. Ass'n v. Roof Servs., Inc.*,
    119 So. 3d 1288 (Fla. 4th DCA 2013) ...............................................................7

*Powell v. Carey Int'l, Inc.*,
    547 F. Supp. 2d 1281 (S.D. Fla. 2008) ..............................................................2

*Premix-Marbletite Mfg. Corp. v. SKW Chems., Inc.*,
    145 F. Supp. 2d 1348 (S.D. Fla. 2001) ..............................................................5

*Rollins, Inc. v. Butland*,
    951 So. 2d 860 (Fla. 2d DCA 2006) ..............................................................9, 13

*Rollins, Inc. v. Heller*,
    454 So. 2d 580 (Fla. 3d Dist. Ct. App. 1984) .......................................................13

*Smith v. 2001 S. Dixie Hwy., Inc.*,
    872 So. 2d 992 (Fla. 4th DCA 2004) ...............................................................13

*Stires*, 243 F. Supp. 2d 1313 (M.D. Fla. 2002)...........................................................9

*Sunoptic Techs. v. Integra Luxtec, Inc.*,
    No. 3:08-cv-878, 2009 WL 722320 (M.D. Fla. Mar. 18, 2009) .........................10, 12

*Tiara Condo. Ass'n v. Marsh & McLennan Cos.*,
    110 So. 3d 399 (Fla. 2013)...........................................................................4, 5

*Tyco Safety Prods. Canada, Ltd. v. Abracon Corp.*,
    No. 08-cv-80604, 2008 WL4753728 (S.D. Fla. Oct. 28, 2008) ..............................6

iii

*Ziemba v. Cascade*,
  256 F.3d 1194 (11th Cir. 2001) ......................................................................3

**STATUTES**

Fla. Stat. § 501.203 ...................................................................................9, 10

Fla. Stat. § 501.204 .........................................................................................10

Fla. Stat. § 501.211 ...................................................................................10, 13

Fla. Stat. § 501.212 ....................................................................................9, 13

Fla. Stat. § 553.73(1)(a) .....................................................................................8

Fla. Stat. § 553.84 ..............................................................................................8

Fla. Stat. § 718.111(3) .......................................................................................6

Fla. Stat. § 718.203 ....................................................................................2, 6, 7

**OTHER AUTHORITIES**

Fed. R. Civ P. 8 .................................................................................................5

Fed. R. Civ. P. 9(b) ......................................................2, 3, 9, 10, 11, 12, 14, 15

Fed. R. Civ. P. 12(b)(6) ......................................................................................3

## I.    INTRODUCTION[1]

Plaintiffs are the two condominium associations for the Wind and Latitude on the River Condominiums.  They contend that an alleged incompatibility between certain steel piping (which the Amended Complaint [ECF No. 121-1] refers to as "ABF," *see* Am. Compl. at n.2) and chlorinated polyvinyl chloride ("CPVC") piping used in the construction of fire sprinkler systems of buildings "render[s] the sprinkler system unable to put out fires" and thus causes the "potential" for personal injury and property damage.  Am. Compl. ¶ 5.  According to Plaintiffs, each of the 14 named defendants is liable in some way or another for the alleged defect in the fire sprinkler systems and/or the alleged suppression of information relating to it.

But while Plaintiffs allege that their condominium buildings have fire sprinkler systems made with ABF and CPVC piping, they do not contend that the systems have failed.  Nor do Plaintiffs explain how their particular fire sprinkler systems were affected by the wide-ranging conduct their Amended Complaint describes.  Indeed, Plaintiffs do not even disclose such salient (and readily available) details such as when their buildings were constructed, who installed their fire sprinkler systems, or who manufactured the systems' component parts.

Other allegations necessary to lend plausibility to their claims are also notably absent. Plaintiffs do not set forth when their ABF and CPVC pipes were manufactured, when and to what entities their pipes were first sold in the distributive chain, or how or when they reached these particular condominium construction projects.  Plaintiffs do not even reveal when construction first began on their condominiums or at what point in the process their fire sprinkler

---

[1] Defendants Allied Tube & Conduit Corporation; Tyco Fire Products, L.P.; and Atkore International, Inc. filed a Motion to Dismiss Plaintiffs' Complaint (ECF No. 1) on January 29, 2016 (ECF 94), which Plaintiffs responded to on February 16, 2016.  (ECF No. 111.)  On February 22, however, Plaintiffs filed an Amended Complaint under Fed. R. Civ. P. 15(a)(1).  (ECF Nos. 121, 121-1.)  Accordingly, pursuant to Fed. R. Civ. P. 15(a)(3) and 6(d), Defendants file this Motion to Dismiss the operative Amended Complaint.  Apart from updated citations to the Amended Complaint and other pleadings, this Motion is identical to the previously filed Motion to Dismiss.

systems were installed.  They do not set forth from whom the ABF and CPVC piping used in their fire sprinkler systems were purchased or how much the system cost.  And they do not explain whether anyone in the distributive chain or otherwise involved in the construction of their condominiums was aware (and to what extent) of the alleged incompatibility issue.

Put simply, Plaintiffs' narrative is vague, unfocused, and lacking any specificity with respect to how or when any supposed agreement to suppress information emerged, who played a role in it and to what extent, and – most critically – how these particular Plaintiffs were allegedly impacted by it.  Given this deficiency, as well as other fundamental pleading failures, Defendants Allied Tube & Conduit Corporation; Tyco Fire Products, L.P.; and Atkore International, Inc. move for dismissal of all counts alleged against them for the following reasons:

1.  Plaintiffs' claims for negligence and strict liability are barred by the economic-loss doctrine;

2.  Plaintiffs' statutory warranty claims under Fla. Stat. § 718.203 fail because they do not sufficiently plead that these Defendants are "suppliers;"

3.  Plaintiffs' claims under the Florida Building Code fail because the Code does not impose a duty on these Defendants;

4.  Plaintiffs' claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") fail because they are devoid of necessary factual allegations under Rule 9(b) and seek damages not allowable by the statute; and

5.  Plaintiffs' civil conspiracy claims should be dismissed because they are not freestanding causes of action, fail for the same reasons as the other claims, and are barred by the economic-loss doctrine.

For these reasons, the Court should dismiss Counts 1-10[2] and 51-56.[3]

---

[2] To date, Defendant Tyco International plc has not been properly served in this case, but Plaintiffs have had a special process served appointed to serve it through the Hague Convention. ECF No. 135. Accordingly, this Motion does not address Counts 6-10 to the extent they relate to Tyco International plc.

## II.    ARGUMENT

### A.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accordingly, a plaintiff must provide allegations that are "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

In addition, fraud-based claims are subject to the heightened pleading standard under Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). That rule is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quotations omitted). The purpose of Rule 9(b) is to alert defendants "to the precise misconduct with which they are charged." *Id.* The rule also plays another important function: to protect defendants "against spurious charges of immoral and fraudulent behavior." *Id.*

---

[3] In addition, Plaintiffs' Amended Complaint quotes or references information in documents that have been designated confidential and are subject to a confidentiality order in other cases, including another case pending in Florida state court, *2711 Hollywood Beach Condo. Ass'n v. TRG Holiday Ltd. et al.*, No. 13-35751 (Fla. 11th Jud. Cir.). *See* Am. Compl. ¶¶ 100-27; ¶¶ 130-42. Defendants ask the Court to strike those allegations. *See Henry v. City of Mt. Dora*, No. 5:13-cv-528, 2014 WL 5823229, at *2 (M.D. Fla. Nov. 10, 2014) (noting that the court had previously stricken a motion to dismiss that had attached confidential records); *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1298 (S.D. Fla. 2008) (noting that a party had cured the improper disclosure of confidential information by striking its own pleading and refiling a new pleading without the confidential information).

### B.     The Economic-Loss Rule Bars Plaintiffs' Tort Claims for Negligence and Strict Liability (Counts 1-2, 6-7, and 51-52)[4]

The economic-loss rule prohibits recovery in tort where the only damages are to the product itself – i.e., when the product is alleged to be defective and thus has a diminished value but has not caused any personal injury or damage to other property. *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 110 So. 3d 399, 401 (Fla. 2013).[5]   Such economic losses are "disappointed economic expectations" appropriately handled under contract rather than tort law. *Id.*  Indeed, "a manufacturer in a commercial relationship has no duty either under a negligence or strict products liability theory to prevent a product from injuring itself."  *Id.* at 404-05 (quotations omitted).  Florida law thus "limit[s] tort liability with respect to defective products to injury caused to persons or damage caused to property other than the defective product itself." *Id.* at 408 (citations omitted).

Plaintiffs' negligence and strict liability claims in this case present a textbook example of tort claims barred by the economic-loss rule.  Plaintiffs do not allege that the piping systems in their condominiums have failed to function and caused personal injury or damage to property. *See, e.g.*, Am. Compl. ¶¶ 7-16 (allegations regarding Plaintiffs and Class Representatives; no description of any fire, let alone one that the fire sprinkler system failed to suppress).  Instead, the gravamen of Plaintiffs' Amended Complaint is that the piping systems might not work as intended, which gives rise to the ***future potential*** for personal injury and other harm.  *See id.* ¶ 2 (alleging that the purported defect "may" allow fires and endanger lives); ¶¶ 3, 5 (alleging that

---

[4] The Amended Complaint omits Count 15 (i.e., Count 14 is followed by Count 16).  Thus, while the negligence and strict liability counts against Atkore appear in Counts 51 and 52, those are actually the fiftieth and fifty-first counts in the Amended Complaint.  For ease of reference, however, this Motion continues to number these and other counts as they appear in the Amended Complaint.

[5] Plaintiffs' overarching class definition includes "all Condominium Associations and building owners" nationwide, but Plaintiffs propose some Florida-only subclasses for particular claims.  Accordingly, although Plaintiffs' putative class action would implicate the laws of all fifty states, this Motion is limited to a discussion of Florida law.  Defendants reserve the right to later present a choice-of-law challenge as to Plaintiffs' causes of action or with respect to the propriety of class certification.

the purported defect results in the "potential" loss of life, personal injury, and property damage); ¶ 6 (alleging "future" damages).

And to the extent Plaintiffs point to any alleged damages to "other property" in the form of common areas, individual residential units, drywall, fixtures, and other parts of the condominium itself stemming from the purportedly defective piping, that position has been squarely rejected by the Florida Supreme Court. *Casa Clara Condo. Ass'n v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1247 (Fla. 1993) (holding that a component part that damages the product into which it has been integrated, like a component part of a constructed building, does not damage "other property"), *limited on other grounds by Tiara Condo.*, 110 So. 3d at 406-07. Other Florida state and federal courts have similarly rejected the notion that one component damaging another component of an integrated product constitutes damage to "other property." *See, e.g.*, *Premix-Marblelite Mfg. Corp. v. SKW Chems., Inc.*, 145 F. Supp. 2d 1348, 1359 (S.D. Fla. 2001) ("Florida law does not consider property that the defective product is integrated into to be other property."); *Jarmco, Inc. v. Polygard, Inc.*, 668 So. 2d 300, 303 (Fla. 4th DCA) (holding that the "other property" exception to the economic loss doctrine "must be limited to property that is unrelated to the product sold."), *aff'd*, 684 So. 2d 732 (Fla. 1996).[6]

As a result, tort claims, like Plaintiffs' counts for negligence and strict liability, that allege that a component part (installed pipes) damaged the product of which it is a part (the building) are appropriately dismissed with prejudice under the economic loss doctrine. *See, e.g.*,

---

[6] Plaintiffs also include fleeting and oblique references to "other property" without any supporting factual allegations. *See, e.g.*, Am. Compl. ¶¶ 176, 196. Such vague and indeterminate pleading is insufficient under Rule 8, and the Court should give it no credit here. *See Twombly*, 550 U.S. at 555.

*Tyco Safety Prods. Canada, Ltd. v. Abracon Corp.*, No. 08-cv-80604, 2008 WL4753728, at *8

(S.D. Fla. Oct. 28, 2008); *accord Casa Clara*, 620 So. 2d at 1247.[7]

     C.    **The Statutory Implied Warranty Claims Should Be Dismissed Because the Amended Complaint Does Not Sufficiently Plead that Defendants Were "Suppliers" of ABF or CPVC Piping to Plaintiffs (Counts 4, 9, and 54)**

Florida's condominium implied warranty statute states that "[t]he contractor, and all subcontractors and suppliers, grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them . . . ." Fla. Stat. § 718.203(2). Although the statute does not define "suppliers," Florida courts have made clear that "manufacturers" are not "suppliers" for purposes of § 718.203(2). *Harbor Landing Condo. Owners Ass'n v. Harbor Landing, L.L.C.*, 78 So. 3d 120, 121 (Fla. 1st DCA 2012).

The implied warranty statutory claim against Defendant Allied should therefore be dismissed because, as Plaintiffs allege, Allied is not a supplier but rather a manufacturer of steel pipe. *See* Am. Compl. ¶ 19 (alleging that Allied "manufactures and sells to the construction industry steel pipe with an anti-microbial and anti-corrosion interior coating under the trade name 'ABF and 'ABF II.'"). The Court should likewise reject Plaintiffs' attempt to impose a duty under § 718.203(2) on Defendant Atkore. The Amended Complaint makes no effort to aver a single fact making it plausible that Atkore was a "supplier" for the construction of Plaintiffs' condominiums. Instead, the Amended Complaint focuses solely on Atkore's "relationship with the Tyco Defendants and Allied" as opposed to its particular role in the construction of Wind Condominium and Latitude on the River Condominium. *See* Am. Compl. ¶¶ 76-81. And while

<hr />

[7] To the extent these (or any) claims survive, these Plaintiff condominium associations do not have standing to assert them under Fla. Stat. § 718.111(3) with respect to non-common property or other interests. Defendants thus adopt the arguments made in the Motions to Dismiss filed by various co-defendants and incorporate by reference the legal authorities cited therein. *See* ECF No. 147, at 8-10 (NIBCO); ECF No. 99, at 12-13 (Lubrizol); ECF No. 105, at 8-10 (Spears); ECF No. 108, at 8-10 (HD Supply Waterworks); ECF No. 144, at 14-15 (Georg Fischer Harvel); ECF No. 138, at 11-12 (Victaulic); ECF. No. 142, at 8-9 (Supply Network).

6

Plaintiffs belatedly try to inject the label "supplier" within the statutory warranty counts against both Allied and Atkore, *see* Am. Compl. ¶ 207 (Allied); ¶ 741 (Atkore), those allegations consist merely of legal conclusions, are devoid of facts making the allegations plausible, and are thus insufficient to plead this element of their claim. *Twombly*, 550 U.S. at 555; *Port Marina Condo. Ass'n v. Roof Servs., Inc.*, 119 So. 3d 1288, 1291 (Fla. 4th DCA 2013) (allegations that an entity must exercise reasonable care in supplying roof products to the plaintiff is insufficient to establish "supplier" element under § 718.203(2)).

The statutory implied warranty claim against Defendant Tyco Fire fails for similar reasons. Plaintiffs repeatedly plead that Tyco Fire "manufactured" CPVC pipes, *see* Am. Compl. ¶ 30-33, which removes it from the purview of § 718.203(2). *See Harbor Landing*, 78 So. 3d at 121. Plaintiffs' fleeting reference to the term "supplier" in their catchall characterization of Tyco Fire, *see, e.g.*, Am. Compl. ¶ 33 ("The Tyco Defendants are the designers, manufacturers, wholesalers, distributors, retailers or suppliers and in the distributive chain of Tyco Blazemaster CPVC pipes and fittings"), and in their legal count against it, *see* Am. Compl. ¶ 263, are not sufficient to plead any ***facts*** that would demonstrate that Tyco Fire is a supplier for purposes of § 718.203(2). *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual obligation."). Indeed, Tyco Fire is unaware of any case in which a defendant alleged to be a manufacturer was found to be a § 718.203(2) supplier. *See Harbor Landing*, 78 So. 3d at 121 ("Had the Legislture wished to include manufacturers, regardless of whether they have any direct connection to a condominium project, it could have done so.").

Because Plaintiffs have not pleaded – and cannot plead – facts that Defendants Allied, Atkore, and Tyco Fire were "suppliers" under § 718.203(2), their statutory implied warranty counts should be dismissed with prejudice.

**D.     The Building Code Claims Fail as a Matter of Law Because Defendants Did Not Construct, Erect, Alter, Repair, Or Demolish Any Building (Counts 5, 10, and 55)**

The Florida Building Code "govern[s] the design, construction, erection, alteration, modification, repair, and demolition of public and private buildings, structures, and facilities[.]" Fla. Stat. § 553.73(1)(a).  The Building Code Act contains 33 distinct provisions, one of which permits the initiation of a private civil action for a person who has been damaged by a violation. Fla. Stat. § 553.84.

Plaintiffs' Building Code claims fail on their face because the Amended Complaint fails to identify what part of the Building Code Defendants Allied, Atkore, and Tyco Fire supposedly violated.  That is not surprising given that manufacturers and others who are not alleged to "design, construct[], erect[], alter[], modif[y], repair, and demoli[sh]" buildings have no duty under the Code.  *Casa Clara Condo. Ass'n v. Charley Toppino & Sons, Inc.*, 588 So. 2d 631, 632 (Fla. 3d DCA 1991) ("It is not alleged that [the defendant] performed any construction, erection, alteration, repair or demolition of the structures.  Therefore . . . defendant is not charged with a duty of compliance."), *approved*, 620 So. 2d 1244, 1248 (Fla. 1993) ("We also agree with the district court that the homeowners cannot recover against Toppino under a building code.").  Put another way, Plaintiffs' blanket assertions that these Defendants provided defective piping[8] used in Wind Condominium and Latitude on the River Condominium are simply beyond the reach of the Florida Building Code.  *See id.*  Plaintiffs' Building Code claims should thus be dismissed with prejudice.

---

[8] *See* Am. Compl. ¶¶ 219-23 (Allied); ¶¶ 275-79 (Tyco Fire); ¶¶ 765-69 (Atkore).

### E.      Plaintiffs' FDUTPA Claims Should Be Dismissed (Counts 3, 8, and 53)

#### 1.      *The FDUPTA Claims Are Insufficiently Pleaded*

FDUTPA prohibits "unfair methods of competition or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.212(2). FDUTPA claims have three elements: a deceptive act or unfair practice, causation, and actual damages.  *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).  In addition, because Plaintiffs' FDUTPA claims sound in fraud,[9] they are subject to the heightened pleading requirement under Rule 9(b).  *See, e.g.*, *Altenel, Inc. v. Millennium Partners, L.L.C.*, 947 F. Supp. 2d 1357, 1360 & n.1, 1365 (S.D. Fla. 2013); *Jovine v. Abbott Labs.*, 795 F. Supp. 2d 1331, 1343 n.9 (S.D. Fla. 2011); *Begualg Investment Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011) (Martinez, J.).

In this case, however, the FDUTPA counts (which comprise a mere eight paragraphs each) simply parrot the legal elements of the claim, without any supporting allegations of fact or any attempt to differentiate the conduct of any one of the 14 defendants from another – let alone the acts of Defendants Allied, Tyco Fire, and Atkore.  For each of their FDUTPA counts, Plaintiffs simply contend that:

- "Plaintiffs and Class Members are 'Consumers' within the meaning of § 501.203(7), Florida Statutes."

- "The advertising, soliciting, providing, offering, or distributing of [ABF steel or Blazemaster CPVC] pipe by Defendant to Plaintiffs and Class Members is 'Trade or Commerce' within the meaning of section 501.203(8), Florida Statutes."

---

[9] Plaintiffs' allegations center on alleged agreements to suppress the truth about the compatibility of ABF piping with CPVC and thus sound in fraud.  *See* Am. Compl. ¶ 119 ("agreement to intentionally conceal the incompatibility issue"); unnumbered heading between ¶¶ 114-15 ("Defendants conspired and agreed to suppress the incompatibility"); ¶ 123 ("Defendants [did] not disclose the incompatibility"), ¶ 147 ("unfairly, deceptively and unlawfully agreed to hide the incompatibility").  *See also Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (FDUTPA claim sound sounds in fraud when it is premised on allegations that a product did not perform as promised); *D.H.G. Props., LLC v. Ginn Cos.*, No. 3:09-cv-735, 2010 WL 5584464, at *5 n.9 (M.D. Fla. Sept. 28, 2010) (FDUTPA claim sounds in fraud when it is premised on misrepresentations and omissions).

- "Defendant's acts and omissions as well as their failure to use reasonable care in this matter as alleged in this Complaint equals unconscionable acts or practices, as well as deceptive and unfair acts or practices in the conduct of [Defendant's] trade or commerce pursuant to section 501.204, Florida Statutes."

- "The unconscionable, illegal, unfair and deceptive acts and practices of Defendant violate FDUTPA.  Plaintiffs and Class Members have suffered actual damage for which they are entitled to relief pursuant to section 501.211(2), Florida Statutes."

*See* Am. Compl. ¶¶ 200-03 (Allied); ¶¶ 256-259 (Tyco Fire); ¶¶ 734-737 (Atkore).

It is well-established that such superficial pleading does not satisfy Rule 9(b).  *See Sunoptic Techs. v. Integra Luxtec, Inc.*, No. 3:08-cv-878, 2009 WL  722320, at *4-5 (M.D. Fla. Mar. 18, 2009) (dismissing FDUTPA claim under Rule 9(b) because "the FDUTPA claim contains nothing more than statements demonstrating the elements of a FDUTPA claim.  No particularized fact of any kind exists in the FDUTPA allegations."); *Lawrie v. Ginn Cos.*, No. 3:09-cv-446, 2010 WL 3746725, at *3 (M.D. Fla. Sept. 21, 2010) (dismissing FDUTPA claims under Rule 9(b) in part because "[t]he counts themselves aver no facts, nor do they distinguish amongst the conduct of the Defendants."); *Altenel*, 947 F. Supp. 2d at 1367 (dismissing FDUTPA claim under Rule 9(b) because "while the Defendants are alleged to have different roles . . . the Complaint does not distinguish among their conduct, undermining the notice function of Rule 9(b).").  Indeed, a mere "formulaic recitation of the elements of FDUTPA . . . is insufficient to survive even the basic pleading requirements described by *Twombly*."  *Sunoptic*, 2009 WL 722320, at *5.

Nor should the prolixity of the overall Complaint be mistaken for the specificity required by Rule 9(b).  The vast majority of the Complaint (paragraphs 172 through 768) is devoted to Plaintiffs' 56 legal counts against 14 defendants, all of which simply recite various legal elements and include unnecessary redundancies copied and pasted across defendants.  The only

purported allegations of fact are limited to paragraphs 2 through 146,[10] and Plaintiffs' attempt to shoehorn that aimless narrative into their FDUTPA counts does not plead viable claims or save them from dismissal.

First, complaints that incorporate by reference all or large parts of prior allegations of fact are impermissible and should be dismissed. *See, e.g.*, *Lawrie*, 2010 WL 3746725, at *3 & n.15. In the context of Rule 9(b), it is not enough for a plaintiff to refer back to prior allegations; instead, "[f]or [p]laintiffs to properly assert their fraud-based claims, they must be made with particularity as to each defendant." *Id.* at n.14; *see also Centrifugal Air Pumps Australia v. TCS Obsolete,* LLC, No. 6:10-cv-820, 2010 WL 3584948, at *3 (M.D. Fla. Sept. 9, 2010) (Rule 9(b) not satisfied when the plaintiff refers broadly to prior paragraphs and then alleges that "the actions described herein constitute a deceptive trade practice.").

Second, even if the purported allegations of fact in paragraphs 2 through 146 of the Amended Complaint are considered, they do not provide any of the required particularity regarding the supposed fraudulent/deceptive activity, each Defendant's specific role in it, and how it was perpetrated on these individual Plaintiffs. Plaintiffs simply include a barrage of conclusory allegations regarding the suppression of the purported incompatibility between ABF steel piping and CPVC without explaining how that concealment occurred or any details regarding a purported agreement among some or all Defendants.[11] Plaintiffs further fail to explain what precisely was suppressed, by whom, to whom, and when, relying instead on vague references to concealment from "the construction industry" rather than to particular entities and referring to a smattering of undisclosed Lubrizol reports without any supporting allegations as to

---

[10] Paragraphs 147 through 171 generally consist of legal conclusions, not allegations of fact.

[11] *See supra* n. 9.

when (if at all) these particular Defendants were first made aware of them.  Am. Compl. ¶¶ 122, 125, 131, 133-41, 143-45.

Even more significant, however, is the complete absence of any allegation that would connect a single act allegedly committed by Defendants to these particular Plaintiffs.  *See Sunoptic*, 2009 WL 722320, at *3 (a FDUTPA plaintiff must allege "how the fraud was perpetrated" on him to satisfy Rule 9(b)).  Plaintiffs do not allege any details regarding the purchase and installation of their pipes, let alone that one of these particular Defendants failed to inform them (or their builder, or their installer, or anyone else in the chain of construction) of the alleged incompatibility issue.  Indeed, Plaintiffs do not even disclose when Wind and Latitude on the River were built or provide any other facts in support of their legal conclusion that they suffered damages as a result of Defendants' conduct.[12]  Put another way, "[w]hile the Plaintiffs are identified, it is unclear . . . how or whether their individual situations were directly affected by the allegedly wrongful activities undertaken by the Defendants."  *Lawrie*, 2010 WL 3746725, at *3; *see also D.H.G. Props.*, 2010 WL 5584464, at *6 (dismissing FDUTPA claim, reasoning that "review of the [complaint] discloses many generalized allegations regarding the overall fraud allegedly perpetrated by Defendants.  However, very few allegations actually purport to describe facts or events relating to Plaintiff, or Plaintiff's purchase of the property at issue."); *Altenel*, 947 F. Supp. 2d at 1361-62, 1366 (dismissing FDUTPA claim, reasoning that the complaint did not allege whether any plaintiff received any misrepresentations and acted upon it).

Rule 9(b) is not a procedural nicety.  To the contrary, "[t]he particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which

---

[12] Given Plaintiffs' allegation that the alleged incompatibility issue was public in 2009, *see* Am. Compl. ¶¶ 146, 155, this lack of specificity regarding when these condominiums were constructed renders any claim of resultant damage entirely implausible.

they are charged and protecting defendants against spurious charges." *Durham v. Bus. Mgmt. Ass'n.*, 847 F.2d 1505, 1511 (11th Cir. 1988).   Here, for example, facts regarding the construction of Wind Condominium and Latitude on the River Condominium, as well as the development of the Plaintiff Associations' rights, are not only necessary to establish FDUTPA causation but are also essential to assessing a statute-of-limitations defense.  Plaintiffs' failure to provide any particulars to support their allegations of fraud and its connection to them mandates dismissal of their FDUTPA claims.

### 2.     *Recovery Under the FDUTPA Is Limited to Actual Damages*

Plaintiffs' FDUTPA claims seek unauthorized damages.  The FDUTPA allows recovery only for "actual damages," Fla. Stat. § 501.211(2), which are defined as "'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'"  *Rollins*, 951 So. 2d at 869 (quoting *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984)).   Because remedies for FDUTPA violations are statutorily defined, Florida courts have consistently held that other forms of damages, such as consequential and personal injury damages, are not available.  *See, e.g.*, *Jovine*, 795 F. Supp. 2d at 1344; *Smith v. 2001 S. Dixie Hwy., Inc.,* 872 So. 2d 992, 994 (Fla. 4th DCA 2004); *Orkin Exterminating Co. v. DelGuidice*, 790 So. 2d 1158, 1162 (Fla. 5th DCA 2001); *Ft. Lauderdale Lincoln Mercury v. Corgnati*, 715 So. 2d 311, 314 (Fla. 4th DCA 1998); *see also* Fla. Stat. § 501.212(3) (stating that the FDUTPA does not apply to claims for personal injury or damage to property other than the property that is the subject of the consumer transaction at issue).

Accordingly, to the extent Plaintiffs' FDUTPA claims survive, Plaintiffs' damages are limited to the difference between the purchase price of the pipes and the value of the pipes as delivered.  Plaintiffs' requests for, among other things, "damages to property other than the steel

pipe . . . including, but not limited to, common areas and elements," as well as their demand for costs to repair and replace the pipes, plus relocation expenses and engineering fees, *see* Am. Compl. ¶¶ 157-160, are beyond the scope of allowable damages under FDUTPA and as a matter of law should not be allowed to proceed.

F.     **Plaintiffs' Claim for Civil Conspiracy Likewise Fails (Count 56)**

Plaintiffs' civil conspiracy claim should be dismissed for multiple reasons.  First, a civil conspiracy claim is not an independent cause of action.  *Behrman v. Allstate Life Ins. Co.*, 178 F. App'x 862, 863 (11th Cir. 2006).  "[A]n actionable conspiracy requires an actionable underlying tort or wrong."  *Bray & Gillespie Mgmt. LLC, v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1370 (M.D. Fla. 2007) (quotations omitted).  Because Plaintiffs have not pleaded viable claims for negligence, strict liability, breach of statutory warranty, violation of Florida Building Code, and violation of FDUTPA, their civil conspiracy claim must also be dismissed.  *See Begualg*, 2011 WL 4434891, at *6 (Martinez, J.)

But this claim still fails even if any of Plaintiffs' underlying counts survive.  In addition to pleading an independent cause of action, "[t]o state a claim for civil conspiracy, a plaintiff must allege (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy."  *Id.*; *see also In re Palm Beach Partners, L.P.*, 517 B.R. 310, 343 (Bankr. S.D. Fla. 1993).  Moreover, because Plaintiffs' conspiracy claim sounds in fraud, it is also subject to Rule 9(b)'s heightened pleading standard.  *See* Am. Compl. ¶ 775 (alleging that the unlawful act underpinning the conspiracy count is "defrauding the Plaintiffs"); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067-68 (11th Cir. 2007); *Begualg*, 2011 WL 4434891, at *6.

14

As with Plaintiffs' FDUTPA claims, the seven paragraphs comprising the conspiracy count are woefully inadequate under Rule 9(b). Plaintiffs have not alleged the who, what, where, when, and how of the alleged conspiracy and fail to articulate each Defendant's role in the alleged fraud. Instead, Plaintiffs simply state in a meandering and conclusory fashion that "[a]n agreement between two or more parties, Defendants Allied, Tyco, Tyco Fire, Lubrizol, Lubrizol Corp. and Atkore under the control of Defendants Allied, Atkore, Lubrizol and Lubrizol Corp and with the assistance and agreement of Tyco and Tyco Fire existed whereby the parties agreed to perform an unlawful act . . . .", Am. Compl. ¶ 763, and that "Defendants Allied, Tyco, Tyco Fire, Lubrizol, Lubrizol Corp. and Atkore overtly acted in pursuance of the conspiracy, as set forth herein, and did in fact defraud the Plaintiffs and Class Members in this matter via their acts and omissions, as set forth herein." *Id.* ¶ 764. These allegations – in particular, Plaintiffs' fleeting reference to an undefined "agreement" between "two or more" defendants – are patently insufficient under Rule 9(b). *See Begualg*, 2011 WL 4434891, at *6. Nor do Plaintiffs attempt to provide any facts regarding when they purchased their particular fire sprinkler systems – facts crucial to the plausibility of their allegations that they were "defrauded" and suffered damages "as a direct and proximate cause" of Defendants' conduct, given Plaintiffs' own assertion that information concerning this issue was in the public realm in 2009. In short, Plaintiffs' failure to explain each Defendant's particular role in this purported conspiracy, the overt acts in which they allegedly engaged, and how any of that impacted these particular Plaintiffs requires dismissal of this count.

Finally, notwithstanding the pleading failures underlying this count, it should also be dismissed because conspiracy claims sound in tort and are (like Plaintiffs' claims for negligence and strict liability) subject to the economic-loss rule. *See, e.g.*, *Behrman v. Allstate Ins. Co*., 388 F. Supp. 2d 1346 (S.D. Fla. 2005), *aff'd sub nom. Behrman v. Allstate Life Ins. Co*., 178 F. App'x

862 (11th Cir. 2006) (finding that under Florida law, the economic loss rule barred plaintiff's tort claims for negligent hiring, training, and supervision, negligent misrepresentation and omission, fraud in the inducement, and civil conspiracy, where plaintiff alleged economic losses arising from the purported injuries).  Because Plaintiffs seek only economic damages related to their fire sprinkler systems, *see supra* Part II.B., they may not pursue their tort-based conspiracy claim. *Id.*  It should be dismissed with prejudice.

## III.    CONCLUSION

For the foregoing reasons, Defendants Allied Tube & Conduit Corporation, Tyco Fire Products, L.P., and Atkore International, Inc. respectfully request that the Court dismiss the following counts:

- Counts 1, 6, and 51 (negligence as to Allied, Tyco Fire, and Atkore)
- Counts 2, 7, and 52 (strict liability as to Allied, Tyco Fire, and Atkore)
- Counts 4, 9, and 54 (breach of statutory warranty as to Allied, Tyco Fire, and Atkore)
- Counts 5, 10, and 55 (violation of Florida building code as to Allied, Tyco Fire, and Atkore)
- Counts 3, 8, and 53 (violation of FDUTPA as to Allied, Tyco Fire, and Atkore)
- Count 56 (civil conspiracy as to Allied, Tyco Fire, and Atkore).

Defendants further request that the Court strike references to documents subject to the *Hollywood Beach* confidentiality order in ¶¶ 100-27 and ¶¶ 130-42.  *See supra* n. 2.

**[signature on next page]**

16

7452178

Dated this 10th day of March, 2016.

Respectfully submitted,


By: s/ Eric S. Boos
    Daniel B. Rogers
    Florida Bar No. 195634
    drogers@shb.com
    Eric S. Boos
    Florida Bar No. 107673
    eboos@shb.com
    **SHOOK, HARDY & BACON, LLP**
    Miami Center, Suite 3200
    201 South Biscayne Blvd.
    Miami, Florida 33131-4332
    PH 305-358-5171 / FX 305-358-7470

    *Counsel for Defendants Allied Tube & Conduit*
    *Corporation; Atkore International, Inc.; and*
    *Tyco Fire Products, LP*

7452178

## CERTIFICATE OF SERVICE

I certify that on this 10th day of March, 2016, a true and correct copy of the foregoing

was served via CM/ECF on the following:

**Steven M. Siegfried, Esq.**
**Stuart Soble, Esq.**
**Alton C. Hale, Jr., Esq.**
SIEGFRIED, RIVERA, HYMAN, LERNER,
DE LA TORRE, MARS & SOBEL, P.A.
201 Alhambra Circle, Suite 1102
Coral Gables, Florida 33134
Telephone:       (305) 442-3334
Facsimile:       (305) 443-3292
Email:  ssiegfried@srhl-law.com
Email:  ahale@srhl-law.com
Email:  cneyra@srhl-law.com
Email:  nsiegfried@srhl-law.com
Email:  bgreaves@srhl-law.com

**Ervin A. Gonzalez, Esq.**
**Patrick S. Montoya, Esq.**
COLSON HICKS EIDSON GONZALEZ
MARTINEZ KALBAC & KANE
255 Alhambra Circle, PH
Coral Gables, Florida 33134
Telephone:       (305) 476-7400
Facsimile:       (305) 476-7444
Email:  ervin@colson.com
Email:  patrick@colson.com
*Attorneys for Plaintiffs Wind Condominium*
*Association, Inc. and Latitude on the River*
*Condominium Association, Inc.*

**Daniel B. Rogers**
**Eric S. Boos**
SHOOK, HARDY & BACON, LLP
Miami Center, Suite 3200
201 South Biscayne Blvd.
Miami, Florida  33131-4332
Telephone:       305-358-5171
Facsimile:       305-358-7470
Email:  drogers@shb.com
Email:  eboos@shb.com
Email:  eservice@shb.com
*Counsel for Defendants Allied Tube & Conduit*
*Corporation; Atkore International, Inc.;*
*Tyco Fire Products, LP*
*and Tyco International PLC*

**Harout Jack Samra**
**Fredrick H.L. McClure**
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida  33131
Telephone:       (305) 423-8500
Facsimile:       (305) 437-8131
Email:  harout.samra@dlapiper.com
Email:  fredrick.mcclure@dlapiper.com
Email:  sheila.hall@dlapiper.com

**J. Trumon Phillips**
DLA PIPER LLP (US)
100 North Tampa Street, Suite 2200
Tampa, Florida  33602
Telephone:       (813) 229-2111
Facsimile:       (813) 229-1447
Email:  trumon.phillips@dlapiper.com
Email:  deborah.boyle@dlapiper.com
*Attorneys for Defendants The Lubrizol*
*Corporation and Lubrizol Advanced*
*Materials, Inc. f/k/a Noveon, Inc.*

**Jeffrey B. Shapiro**
**Alan G. Kipnis**
**Andrea Cox**
**Steven M. Appelbaum**
ARNSTEIN & LEHR LLP
200 South Biscayne Boulevard, Suite 3600
Miami, Florida  33131
Telephone:       (305) 428-4500
Facsimile:       (305) 374-4744
Email:  jbshapiro@arnstein.com
Email:  agkipnis@arnstein.com
Email:  acox@arnstein.com
Email:  smappelbaum@arnstein.com
Email: MIA-ctdocs@arnstein.com
*Attorneys for Defendant Viking SupplyNet*

18

**Scott M. Sarason**
**Armando G. Hernandez**
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 S.W. 8th Street
Miami, Florida  33130
Telephone:      (305) 358-5577
Facsimile:      (305) 371-7580
Email:  ssarason@rumberger.com
Email:  docketingmiami@rumberger.com
Email:  ssaransonsecy@rumberger.com
Email:  ahernandez@rumberger.com
Email:  ahernandezsecy@rumberger.com


**William J. Cremer (PHV Admission)**
**Joshua D. Yeager (PHV Admission)**
CREMER, SPINA, SHAUGHNESSY, JANSEN
& SIEGER, LLC
One North Franklin Street, 10th Floor
Chicago, Illinois  60606
Telephone:      (312) 726-3800
Facsimile:      (312) 726-3818
Email:  wcremer@cremerspina.com
Email:  jyeager@cremerspina.com

*Attorneys for Defendant Georg Fischer Harvel LLC*

**Alan Mirelman**
RINGER, HENRY, BUCKLEY &
SEACORD, P.A.
105 E. Robinson Street, Suite 400
Orlando, Florida  32801
Telephone:      (407) 841-3800
Facsimile:      (407) 841-3855
Email:  amirelman@ringerhenry.com

**Michael Hornreich**
**Cindy Duque Bonilla**
WEINBERG WHEELER HUDGINS,
GUNN & DIAL
255 South Orange Avenue, Suite 1260
Orlando, Florida  32801
Telephone:      (407) 734-7000
Facsimile:      (407) 930-9180
Email:  mhornreich@wwhgd.com
Email:  cbonilla@wwhgd.com
Email:  jmackdanz@wwhgd.com

*Attorneys for HD Supply Waterworks Group, Inc.,*
*and HD Supply Waterworkds, Ltd.*

19

7452178

**Andrew S. Connell**
**David B. Stauber**
LITCHFIELD CAVO LLP
Radice Corporate Center
600 Corporate Drive, Suite 600
Ft. Lauderdale, Florida  33334
Telephone:        (954) 689-3000
Facsimile:        (954) 689-3001
Email:  connell@litchfieldcavo.com
Email:  stauber@litchfieldcavo.com
Email:  deatley@litchfieldcavo.com
Email:  ardito@litchfieldcavo.com
Email:  kahn@litchfieldcavo.com
Email:  hoffman@litchfieldcavo.com

**David R. Stechow (PHV Admission)**
PLUNKETT COONEY
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
Telephone:        (248) 901-4000
Facsimile:        (248) 901-4040
Email:  DStechow@plunkettcooney.com
*Attorneys for Defendant Spears Manufacturing Co*

**William Fink**
WICKER SMITH O'HARA MCCOY
& FORD, P.A.
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, Florida  33134
Telephone:        (305) 448-3939
Facsimile:        (305) 441-1745
Email:  miacrtpleadings@wickersmith.com

**Gregory J. Wartman (PHV Admission)**
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
Telephone:        (215) 972-7548
Facsimile:        (215) 972-2293
Email: gwartman@saul.com

**Anne M. Rodgers (PHV Admission)**
**Carter W. Dugan (PHV Admission)**
**Barclay Nicholson (PHV Admission)**
NORTON ROSE FULBRIGHT US LLP
Fullbright Tower, 1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:        (713) 651-5151
Facsimile:        (713) 651-5246

Email:  Anne.Rodgers@nortonrosefulbright.com
Email:  carter.dugan@nortonrosefulbright.com
Email:  barclay.nicholson@nortonrosefulbright.com

*Attorneys for Defendant Victaulic Company of America*

By:     s/ Eric S. Boos
        ERIC S. BOOS