UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:15-cv-24266-MARTINEZ/GOODMAN

WIND CONDOMINIUM ASSOCIATION,
INC., a Florida condominium association; and,
LATITUDE ON THE RIVER
CONDOMINIUM ASSOCIATION, INC., a
Florida condominium association,

Plaintiffs,

v.

ALLIED TUBE & CONDUIT
CORPORATION, a Delaware corporation;
TYCO INTERNATIONAL PLC, f/k/a TYCO
INTERNATIONAL, LTD., a foreign limited
company; TYCO FIRE PRODUCTS, LP, a
Delaware limited partnership; LUBRIZOL
ADVANCED MATERIALS, INC., f/k/a
NOVEON, INC. a Delaware corporation;
THE LUBRIZOL CORPORATION, an Ohio
corporation; THE VIKING CORPORATION,
a Michigan corporation;  SUPPLY
NETWORK, INC., a/k/a VIKING
SUPPLYNET, a Michigan corporation;
VICTAULIC COMPANY, a New Jersey
company, GEORG FISCHEL HARVEL LLC,
a Pennsylvania limited liability company;
NIBCO INC., an Indiana corporation;
SPEARS MANUFACTURING CO., a
California corporation; ATKORE
INTERNATIONAL, INC., f/n/a Tyco
International Ltd. Electrical & Metal Products
division, a Delaware corporation; HD
SUPPLY WATERWORKS GROUP, INC., a
Delaware company; HD SUPPLY
WATERWORKS, LTD., a Florida Limited
Company;
 Defendants.
_____/

**CLASS ACTION**

**JOINT SCHEDULING REPORT**

113069964.10

Pursuant to S.D. Fla. L.R. 16.1 and the Order Requiring Parties to Meet and File Joint Scheduling Report and Proposed Order and Directing Parties to File Certificates of Interested Parties [ECF No. 5], Plaintiffs and Defendants (collectively, the "Parties"), having engaged in a Joint Scheduling Conferences, hereby submit, by and through their undersigned counsel, their Joint Scheduling Report, as follows:

## 1. DISCOVERY PLAN & CASE MANAGEMENT TRACK

A. Track – Given that the case is a class action the parties have proposed a two-phased discovery process that varies from the Southern District of Florida's case management tracks. See Case Management Plan, Attachment A. The parties have diligently worked to reach an agreement as to the remaining language in this section, but have been unable to. The parties proposed competing language for this section is set forth as footnoted below and the parties request that the Court determine the appropriate scope of discovery.[1]

B. Initial Disclosures – The Parties agree to exchange Rule 26 initial disclosures on or before March 31, 2016, pursuant to Rule 26(a)(1), Fed. R. Civ. P.

C. Subjects of Discovery—The parties request that the Court decide the scope of discovery in Phases I and II.[2]

---

[1] The parties have worked diligently to reach an agreement in this section, but have been unable to do so. Defendants' suggested language is as follows: "The first phase of the proposal contemplates class-wide and merits discovery directed towards class certification. The second phase of the proposed scheduling order concerns merits discovery. The Parties acknowledge that merits discovery may be taken in Phase 1. The Parties further acknowledge that merits discovery may also be considered to determine whether class certification is appropriate and/or whether Plaintiffs are appropriate representatives of the putative class."

Plaintiffs proposed language is as follows: "The first phase of the proposal contemplates class-wide and merits discovery. The second phase of the proposed scheduling order concerns merits discovery only."

[2] See section 1A.

D. Electronically Stored Information—The Parties are working cooperatively towards ESI protocols, including the format of productions. To date, the parties do not believe the Court's intervention will be needed.

E. Claims of Privilege—The Parties anticipate agreeing to a confidentiality order that would address this issue including non-waiver and clawback of privileged information.

F. Limitations on Discovery—At this time, based on the number of Parties involved, it appears that more than 10 depositions per side may be needed, and the Parties agree to work cooperatively on the issue of the appropriate number of depositions to be taken per side as discovery progresses.

## 2. LIKELIHOOD OF SETTLEMENT

The Parties discussed settlement possibilities at their joint scheduling conference; however, the Parties cannot fully evaluate the likelihood of settlement at this time.

## 3. LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

At this time it appears additional parties may appear in the case, which the parties have contemplated in Attachment A. Plaintiffs intend to seek leave to amend their Complaint.

## 4. PROPOSED DEADLINES

The Parties proposed deadlines are attached hereto as Exhibit A.

## 5. PROPOSALS FOR SIMPLIFYING ISSUES, OBTAINING ADMISSIONS, AND THE TIMING OF MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT

The Parties expect that they will be able to reach stipulations as to the authenticity of documents to be used as evidence at trial. Summary judgment motions are contemplated by the parties in Phase 2 of the Case Management Plan, Attachment A. However, should discovery taken during Phase 1 reveal grounds for full or partial summary judgment, the Parties agree that

motions therefor may be filed in Phase 1 without prejudice to filings motions for full or partial summary judgment during Phase 2.

### 6. AMENDMENTS TO THE PLEADINGS

Plaintiffs intend to seek leave to amend their Complaint. Defendants have moved to dismiss the Amended Complaint and thus have not filed their pleadings.

### 7. THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS AND THE NEED FOR ADVANCE RULING FROM THE COURT ON ADMISSIBILITY OF THE EVIDENCE

The Parties will work towards stipulations on evidence and will bring issues before the Court if necessary, but none are needed at this time.

### 8. SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE

None at this time.

### 9. SUGGESTIONS FOR REFERRING MATTERS TO MAGISTRATE

The Parties have no suggestions in this regard.

### 10. TIME REQUIRED FOR TRIAL

The time required for the trial of this matter depends on whether the Court grants or denies class certification and, if a class is certified, the nature of the class. If class certification is denied, the trial may take approximately 25 to 30 days. If a nationwide class is certified, the trial may take two months.

### 11. PROPOSED DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL

The Parties propose that the Court hold a status conference following its ruling on whether class certification is appropriate to discuss whether the schedule for this case should be amended in light of the Court's ruling on class certification. In addition, the Parties ask the

court to set regular, quarterly status conferences at which pending motions can be heard. Finally, the Parties propose that the final pretrial conference in this case be held according to the dates proposed in the Case Management Plan, Attachment A.

### 12. TRIAL WILL BE JURY OR NON-JURY

Jury trial.

### 13. AN OUTLINE OF THE LEGAL ELEMENTS OF EACH CLAIM AND DEFENSE RAISED BY THE PLEADINGS

Plaintiffs have pled a product liability case concerning defects associated with the life-safety system installed in Plaintiffs' buildings, specifically, the buildings' fire sprinkler systems. Plaintiffs allege that an anti-microbial coating in Defendant Allied's ABF metal pipe breaks down the resins in CPVC[3] pipe and causes environmental stress cracking ("ESC") in the CPVC pipes and failures in the life-safety systems of the buildings. Plaintiffs have additionally asserted that the CPVC pipe itself is defective due to the numerous common construction products it reacts negatively with that also causes ESC.

Plaintiffs have asserted the following causes of action and their elements as to each designer, manufacturer, supplier and distributor of CPVC and ABF metal pipe in this case:

1. Negligence—The elements of a negligence claim are duty, breach of that duty, causation, foreseeability and damages. Plaintiffs have pled Defendants' negligent manufacturing, design and failure to warn of the CPVC pipe and ABF metal pipe's combination causing ESC. Plaintiffs have also pled that the CPVC pipe, alone and not in combination with ABF pipe, was negligently manufactured and designed so that it failed when it interacted with many common construction

---

[3] Chlorinated polyvinyl chloride.

5

products. Plaintiffs also pled that Defendants negligently failed to warn of the CPVC pipe's reaction with common construction products.

2. Strict Liability—Plaintiffs have pled claims for strict liability for manufacturing and design defects of the CPVC pipe and ABF metal pipes when used in combination and the CPVC pipe when used alone. Plaintiffs have also pled strict liability claims for Defendants' failure to warn of the same. As to the strict liability manufacturing defect claims, "A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to [the user] [a person in the vicinity of the product] and the product is expected to and does reach the user or consumer without substantial change affecting that condition. A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed."[4]

As to the strict liability design defect claims, "A product is defective because of a design defect if it is in a condition unreasonably dangerous to [the user] [a person in the vicinity of the product] and the product is expected to and does reach the user without substantial change affecting that condition. A product is unreasonably dangerous because of its design if [the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer] [and] [or] [the risk of danger in the design outweighs the benefits]."[5]

---

[4] Fla. Std. Jury Instruction 403.7a.
[5] Fla. Std. Jury Instruction 403.7b.

6

As to the strict liability failure to warn claims, "A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous."[6]

3. Breach of Florida Statutes Section 718.203—This is a statutory warranty of fitness and merchantability. Florida Statues section 718.203(2) provides as follows:

   a. For a period of 3 years from the date of completion of construction of a building or improvement, a warranty as to the roof and structural components of the building or improvement and mechanical and plumbing elements serving a building or an improvement, except mechanical elements serving only one unit.

   b. For a period of 1 year after completion of all construction, a warranty as to all other improvements and materials.

The subject fire suppression system is a mechanical element that serves all units and common areas. "Completion of a building or improvement" means issuance of a certificate of occupancy for the entire building or improvement, or the equivalent authorization issued by the governmental body having jurisdiction, and in jurisdictions where no certificate of occupancy or equivalent authorization is issued, it means substantial completion of construction, finishing, and equipping of the building or improvement according to the plans and specifications. Fla. Stat. §718.203(3). The warranties are conditioned upon routine maintenance being performed. Fla. Stat. §718.203(3).

---

[6] Fla. Std. Jury Instruction 403.8.

> 4. Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim. The elements of a FDUTPA claims are 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages. Fla. Stat. §501.201, et seq.

As to Defendants Allied, Tyco, Tyco Fire, Lubrizol and Lubrizol Corp., Plaintiffs have alleged claims for civil conspiracy. The elements of a civil conspiracy are: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.

The damages pled by Plaintiffs are: replacement/repair of fire suppression systems; repair/replacement of any real property, materials or fixtures damaged as result of the alleged defect; and the replacement of any damaged personal property (furnishings, electronic appliances and household items) as a result of the alleged defect. Plaintiffs have also demanded damages for the costs of moving while their buildings are being repaired; renting of comparable housing during the duration of the repairs; the cost of repair or replacement of the homes; the loss of use and enjoyment of real property; the alleged loss in value of the home due to the alleged stigma attached to having defective ABF and Blazemaster CPVC in the building; alleged permanent diminution in value of the home; and other related expenses. Plaintiffs have made a claim for attorneys' fees in their FDUTPA claim.

Defendants deny liability, deny that Plaintiffs have sustained damages, and deny that this case is appropriate for class certification. With the exception of Defendant Tyco International plc which has moved to dismiss on improper service and jurisdictional grounds [ECF No. 153] each Defendant has filed a motion to dismiss under Rule 12(b)(6) for failure to state a causes of action [ECF Nos. 138, 142-44, 146-47, 149-50].

### 14. A GOOD FAITH ESTIMATE OF THE SPECIFIC DOLLAR VALUATION OF ACTUAL DAMAGES AND OTHER RELIEF

Plaintiffs are unable to provide an estimate for economic damages at this time as it requires a jury determination. Plaintiffs are in the process of accumulating the information needed to provide Defendants with the prospective damages.

### 15. NEED FOR VARIANCE FROM THE DISCOVERY LIMITATIONS

None at this time.

### CONSENT OF COUNSEL FOR PLAINTIFFS

Pursuant to Rule 3J(3) of the Administrative Procedures for Electronically Filing Documents, undersigned counsel for Plaintiffs represents to the Court that counsel for Defendants have authorized him to affix their electronic signatures to this submission.

Dated: March 22, 2016.

        SIEGFRIED, RIVERA, HYMAN, LERNER,
        DE LA TORRE, MARS & SOBEL, P.A.
        *Attorneys for Plaintiffs*
        201 Alhambra Circle, Suite 1102
        Coral Gables, Florida 33134
        Phone: (305) 442-3334
        Fax: (305) 443-3292
        Email: ahale@srhl-law.com
        ssiegfried@srhl-law.com
        ssobel@srhl-law.com

        By: /s/ Steven M. Siegfried
        Steven M. Siegfried, Esq.
        Florida Bar Number:
        208851 Stuart Sobel, Esq.
        Florida Bar Number:
        Alton C. Hale, Jr., Esq.
        Florida Bar Number: 987190

        COLSON HICKS EIDSON GONZALEZ
        MARTINEZ KALBAC & KANE
        *Attorneys for Plaintiffs*
        255 Alhambra Circle, PH
        Coral Gables, Florida 33134
        Phone: (305) 476-7400
        Fax: (305) 476-7444
        Email: ervin@colson.com
        patrick@colson.com

        By: /s/ Ervin A. Gonzalez
        Ervin A. Gonzalez, Esq.
        Florida Bar Number: 500720
        Patrick S. Montoya, Esq.
        Florida Bar Number: 524441

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF on March 22, 2016, on all counsel of record on the service list below.

**Eric Stephen Boos**
**Daniel Brandon Rogers**
Shook Hardy and Bacon LLP
201 S Biscayne Blvd Ste 3200
Miami, FL 33131
3053585171
Email: eboos@shb.com
droghers@shb.com

**Fredrick Howard Lebron McClure**
**J. Trumon Phillips**
DLA Piper LLP (US)
100 N. Tampa Street
Suite 2200
Tampa, FL 33602
813-229-2111
Fax: 813-229-1447
Email: fredrick.mcclure@dlapiper.com
trumon.phillips@dlapiper.com

**Harout Jack Samra**
DLA Piper LLP (US)
200 S Biscayne Blvd
Suite 2300
Miami, FL 33131
(305) 423-8534
Fax: (305) 437-8131
Email: harout.samra@dlapiper.com

**Alan Gary Kipnis**
**Jeffrey Brian Shapiro**
**Andrea Cox**
**Steven Myer Appelbaum**
Arnstein & Lehr
200 E Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301
Email: agkipnis@arnstein.com
jbshapiro@arnstein.com
acox@arnstein.com
smappelbaum@arnstein.com

**Anne M. Rodgers**
**Barclay Nicholson**
**Carter W. Dugan**
Norton Rose Fulbright, US, LLP
Fulbright Tower
1301 McKinney
Suite 500
Houston, TX 77010-3095
713-651-5151
Email: anne.rodgers@nortonrosefulbright.com
Barclay.Nicholson@nortonrosefulbright.com
carter.dugan@nortonrosefulbright.com

**Gregory J. Wartman**
Saul Ewing, LLP
1500 Market Street
38th Floor
Philadelphia, PA 19102-2186
215-972-7548
Email: gwartman@saul.com

113069964.10

**Jacob J Liro**
**William Frederick Fink**
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
2800 Ponce De Leon Blvd, Suite 800
Coral Gables, FL 33134
(305)448-3939
Email: jliro@wickersmith.com
wfink@wickersmith.com

**Armando Gustavo Hernandez**
Rumberger, Kirk and Caldwell, PA
80 SW 8th Street Suite 3000
Miami, FL 33130
786-472-0019
Email: ahernandez@rumberger.com
ssarason@rumberger.com

**Adam Alaee**
Foley & Lardner
100 N Tampa Street
Suite 2700 PO Box 3391
Tampa, FL 33601-3391
813-229-2300
Fax: 221-4210
Email: aalaee@foley.com

**Andrew Samuel Connell , Jr.**
Litchfield Cavo
600 Corporate Drive
Suite 600
Fort Lauderdale, FL 33334
954-689-3023
Fax: 954-689-3001
Email: connell@litchfieldcavo.com

**David R. Stechow**
Plunkett Cooney
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4000
Email: DStechow@plunkettcooney.com

113069964.10

**Alan Mirelman**
Ringer, Henry, Buckley & Seacord, P.A.
14 East Washington Street
Suite 200
Orlando, FL 32801
407-841-3800
Email: amirelman@ringerhenry.com

**Cindy Duque Bonilla**
WEINBERG WHEELER HUDGINS GUNN DIAL
255 South Orange Avenue
Suite 1260
Orlando, FL 32801
407-734-7000
Email: cbonilla@wwhgd.com

**Michael Alan Hornreich**
Weinberg Wheeler Hudgins Gunn Dial
2601 S. Bayshore Dr.
Suite 1500
Miami, FL 33133
(305) 455-4509
Email: mhornreich@wwhgd.com