UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.   1:15-CV-24266-JEM

WIND CONDOMINIUM ASSOCIATION,
INC., a Florida condominium association; and,
LATITUDE ON THE RIVER CONDOMINIUM
ASSOCIATION, INC. a   Florida condominium
association,

Plaintiffs,

v.                                                                    **CLASS ACTION**

ALLIED TUBE & CONDUIT
CORPORATION, a Delaware corporation;
TYCO INTERNATIONAL, PLC, f/k/a
TYCO INTERNATIONAL, LTD a foreign limited
Company, TYCO FIRE PRODUCTS, LP, a
Delaware limited partnership; LUBRIZOL
ADVANCED MATERIALS, INC., f/k/a
NOVEON, INC. a Delaware corporation; THE
LUBRIZOL CORPORATION, an Ohio corporation;
THE VIKING CORPORATION, a Michigan corporation;
SUPPLY NETWORK, INC., a/k/a VIKING SUPPLYNET, a
Michigan Corporation; VICTAULIC COMPANY, a New
Jersey corporation, GEORGE FISCHEL HARVEL LLC, a
Pennsylvania limited liability company, NIBCO INC, an Indiana
Corporation; SPEARS MANUFACTURING CO., a California
Corporation; ATKORE INTERNATIONAL, INC., f/n/a
TYCO INTERNATIONAL LTD, ELECTRICAL & METAL
PRODUCTS DIVISION, a Delaware corporation; HD
SUPPLY WATERWORKS GROUP, INC.,
a Delaware company; HD SUPPLY WATER WORKS, LTD a
Florida Limited Company.

Defendants.
_____/

**SPEARS MANUFACTURING COMPANY'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [D.E. 154]**

Defendant Spears Manufacturing Company ("Spears"), pursuant to Federal Rule of Civil

Procedure 12(b)(6), hereby files its Reply in Support of its Motion to Dismiss (the "Motion to

Dismiss") [D.E. 154] Plaintiffs' Amended Complaint [D.E. 121-1] and in opposition to Plaintiffs, Wind Condominium Association, Inc. and Latitude on the River Condominium Association, Inc.'s (together, the "Plaintiffs"), Response (the "Response") [D.E. 166] to Spears' Motion to Dismiss Plaintiffs' Amended Complaint. In support, Spears states as follows:

### I. Plaintiffs' Claims for Negligence (Count 41) and Strict Liability (Count 42) are Inadequately Pled.

As set forth in Spears' Motion to Dismiss, Plaintiffs' general characterization of Spears—in allegations identical to those asserted against four other Defendants in this lawsuit—as either the designer, manufacturer, wholesaler, distributor, retailer, or supplier of defective products is insufficient. Plaintiffs' Complaint fails to specify which of these various functions Spears served or whether Spears even supplied CPVC pipe or other products to Plaintiffs. Instead, Plaintiffs resort to sweeping, boilerplate allegations that do not meet the standard to survive dismissal under Rule 12(b)(6). *See, generally*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiffs' attempts to distinguish *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290 (N.D. Ga. 2005) and *Llado-Carreno v. Guidant Corp.,* No.09-20971, 2011 WL 705403, at *3 (S.D. Fla. Feb. 22, 2011) are ineffective. For one, although Plaintiffs are correct that *Parker* is not binding authority, the prior decisions of this Court and those of other district courts are persuasive authority that the Court may consider in rendering its decision. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) (noting the "general rule" that stare decisis by district courts is not binding but requires that great weight be given to prior decisions); *see also*

2

*Bernstein v. Sephora, Div of DFS Group L.P.*, 182 F. Supp. 2d 1214, 1219 (S.D. Fla. 2002) (looking to decision of sister district court within Eleventh Circuit as persuasive authority); *Palacios v. Hartman and Tyner, Inc.*, No. 13-CIV-61541, 2014 WL 7152745, *5 (S.D. Fla. Dec. 15, 2014) (slip. op.) (same); *Victoria Select Ins. Co. v. Vrchota Corp.*, 805 F. Supp. 2d 1337, 1343 (S.D. Fla. 2011); *EchoStar Satellite v. Viewtech, Inc.*, No. 10-60069-MC, 2010 WL 2822109, *3 (S.D. Fla. July 16, 2010).

Additionally, although Plaintiffs have asserted numerous allegations regarding the incompatibility of CPVC pipe with other materials, just as in *Parker*, where "there [were] no factual allegations regarding whether Plaintiffs were exposed to *each* individual Defendant's" toxic products," *Parker*, 377 F. Supp. 2d at 1295, the Complaint here does not allege that Spears supplied any CPVC pipe or other products to Plaintiffs; that Plaintiffs or any of the contractors or subcontractors involved in the construction of the Wind or Latitude condominiums had a contract with Spears; or that Spears engaged in any of the allegedly deceptive and illegal conduct Plaintiffs allege against the Allied, Lubrizol, and Tyco Defendants. The mere alleged incompatibility of CPVC with other construction materials, without any allegations specifically regarding Spears' conduct or products, is insufficient.

> **II. Application of the Economic Loss Rule Does Not Require Contractual Privity in the Products Liability Context, and Plaintiffs' Interpretation of *Tiara*'s Effect on the Requirement That Plaintiffs Allege Damages to "Other Property" is Erroneous.**
>
> A. <u>Contractual privity is not relevant to the applicability of the economic loss rule in this case.</u>

Application of the economic loss rule ("ELR") does not require contractual privity in the products liability context. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d

399, 404-05 (Fla. 2013). Plaintiffs incorrectly contend that their tort claims are not subject to the ELR because, in part, the parties are not in privity. Response at p. 3. The fact that Plaintiffs and Spears do not share contractual privity is entirely irrelevant. "In contrast to the contractual privity economic loss rule, which developed to protect the integrity of the contract, the products liability economic loss rule developed to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided for by warranty law." *Indem. Ins. Co. of N. Am. V. Am. Aviation, Inc.*, 891 So. 2d 532, 537-38 (Fla. 2004), receded from on other grounds, *Tiara*; *see also Kaye v. Ingenio, Filiale De Loto-Quebec, Inc.*, 2014 WL 2215770, *4 (S.D. Fla. May 29, 2014) (slip op.) ("[T]he fact that *the economic-loss rule does not apply to cases where the parties are in contractual privity* does not mean that parties in contractual privity may recast causes of action that are otherwise breach-of-contract claims as tort claims.") (emphasis supplied). Plaintiffs suggest that their purely economic damages are only recoverable under a tort theory because the Parties never entered into a contract and, therefore, could not have contemplated the alleged damages, and accordingly allocated risks, in a written agreement. Response at p. 3. It is unreasonable for Plaintiffs to suggest that a condominium association would contract directly with a materials distributor whose product would have been ordered and installed in the building by a third-party. *Id.* Instead, Plaintiffs conveniently fail to acknowledge that they have elected not to pursue claims against the parties against whom they could bring claims related to the design, construction, and installation of the fire suppression sprinkler systems in the condominium and with whom Plaintiffs are in contractual privity.

> B. <u>Plaintiffs' interpretation of *Tiara*'s effect on the requirement that they allege damages to "other property" is erroneous.</u>

The Florida Supreme Court has made clear that claims premised in negligence and

4

product liability cannot survive when the only damages alleged are damages either to the defective product itself or to property in which that product is a component. Plaintiffs erroneously contend that *Tiara* effectively eclipsed *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244 (Fla.1993) in its entirety, such that *Casa Clara* is no longer good law. However, the Florida Supreme Court's decision in *Tiara* did not disturb the holding of *Casa Clara* regarding the need to show damages to "other property." In *Tiara*, the Supreme Court confined the ELR to the product liability context, out of which it originated, and receded from prior case law that had expanded the ELR to cases outside of that context. *Tiara*, 110 So. 3d at 407. Nothing in *Tiara* altered the ELR's application to products, and a building is still a product. *Casa Clara*, 620 So.2d at 1246. Thus, as held in *Casa Clara*, a constructed building, as a whole, is considered a single product for purposes of the ELR, not to be viewed independently of its component products. *Id.* Plaintiffs' reliance on Judge Fallon from the Eastern District of Louisiana District Court, who criticized in *dicta* the *Casa Clara* opinion does not change the fact that *Casa Clara* is still good law, and Judge Fallon's criticism should not alter the application of *Casa Clara* here.

### III. Plaintiffs Fail to Cite Any Authority Supporting Their Contention That Damages to Individual Units and Personal Property Therein are a Matter of Common Interest Affording Plaintiffs Standing to Sue.

Plaintiffs attempt to construe the statutory language of Florida Statutes § 718.211(3) pertaining to "matters of common interest to most or all unit owners…" expansively to argue that they derive standing to pursue claims for alleged damage to select individual units as well as personal property and fixtures contained in those units. As set forth in Spears' Motion to Dismiss, that expansive reading has been rejected. *See Bonavista Condo. Ass'n v. Bystrom*, 520

5

So. 2d 84, 86 (Fla. 3d DCA 1988). Plaintiffs argue, based upon *Brazilian Court Hotel Condo. Owners Ass'n, Inc. v. Walker*, 584 So. 2d 609, 612 (Fla. 4th DCA 1991), that *Bonavista*'s holding is no longer good law. However, in *Brazilian Court*, Florida's Fourth District Court of Appeal noted only that a post-*Bonavista* statutory amendment specifically enabled condominiums to institute, on behalf of individual unit owners, the type of suit that had been at issue in *Bonavista*. Plaintiffs here fail to point to any similar statutory amendment permitting them to sue for alleged physical damage to some individual units and personal property therein due to incompatible construction materials.

Moreover, Plaintiffs contend that the "rules of statutory construction and the plain language" of Fla. Stat. § 718.211(3), "'including, but not limited to,' show that Plaintiffs have standing to bring a lawsuit for unlimited items, so long as they concern '**matters of common interest.**'" Response at p. 6 (emphasis in original). Notwithstanding the phrase, "including, but not limited to," each of the enumerated categories concerns common elements, such as structural, plumbing, or electrical components, and not damage to some limited number of individual units or personal property within those individual units. Given the notable absence of language enumerating anything akin to such matters of individual concern, the canon of statutory construction *expressio unius est exclusio alterius* implies that "matters of common interest" does not encompass damages to select individual units and personal property therein. *State v. Hearns*, 961 So. 2d 211, 219 (Fla. 2007) ("Under the canon of statutory construction *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of another."); *see also Cast Steel Products, Inc. v. Admiral Ins. Co.*, 348 F.3d 1298, 1303 (11th Cir. 2003) ("Applying the time-honored maxim of construction, *expression unius est exclusion alterius*, the inclusion of

specific things implies the exclusive of those not mentioned…"); *U.S. v. Castro*, 837 F. 2d 441, 442 (11th Cir. 1988).

Here, Plaintiffs seek to recover alleged damages to a select number of units of individual homeowners and personal property contained within those units. Such alleges damages are unique to each owner and should not be considered a matter of "common interest" for which Plaintiffs here have standing to sue.

**IV. Plaintiffs' FDUTPA Claim Fails as a Matter of Law.**

A. <u>Plaintiffs have not sufficiently alleged that they are "consumers" of Spears' products.</u>

Plaintiffs next contend that they meet the definition of "consumer" under Fla. Stat. § 501.203(7), because they are "associations." Response at p.7. In support, Plaintiffs point to the 2001 amendment to FDUTPA, which Plaintiffs contend replaced "person" with "consumer." In fact, the amendment did the opposite. *Carroll v. Lowes Home Centers, Inc.*, No. 12-23996-CIV, 2014 WL 1928669 (S.D. Fla. May 6, 2014) (slip. op.) ("The Florida Legislature, in 2001, amended § 501.211(2) by replacing the word "consumer" with the word "person."); *Kelly v. Palmer, Reifler, & Assoc.*, 681 F. Supp. 1356, 1372 (S.D. Fla. 2011) ("In 2001, the Florida Legislature replaced the word 'consumer' with the word 'person.'") Plaintiffs then rely on the language of FDUTPA providing for a liberal construction of its provisions in arguing that Plaintiffs should be deemed "consumers" within the meaning of FDUTPA. Although the *Kelly* court did seem to agree with those cases allowing a broader base of complainants to seek damages under FDUTPA, the more recent decision in *Carroll* held that "[t]he legislative history of the 2001 amendment indicates the Florida Legislature did not intend to expand the FDUTPA to non-consumers." *Carroll*, 2014 WL 1928669 *3. "Rather, the purpose of the amendment was

to clarify that remedies available to individuals under the FDUTPA are also available to businesses." *Id*. (citations omitted). The *Carroll* court further held that "[t]he codified overall purpose of the statute further supports an interpretation of 'person' as applying only to consumers." *Id.* (citations omitted). Because the plaintiffs there failed to allege that they had engaged in the purchase of goods or services from the defendant, the pleadings had not alleged that the plaintiffs were consumers under FDUTPA. *Id.* at *4. As Spears argued in its Motion to Dismiss, Plaintiffs here similarly fail to allege that they bought goods or services from Spears, and, therefore, Plaintiffs' FDUTPA claim fails.

Additionally, Plaintiffs' reliance on *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So. 2d 773 (Fla. 2003) is misplaced. The *PNR* decision held that FDUTPA's private right of action is available in a "private cause of action arising from unfair or deceptive acts involving a single party in a single transaction or directed to a single contract" and is not limited to only "plaintiffs able to demonstrate multiple, violative acts against multiple parties or in multiple transactions…" *PNR*, 842 So. 2d at 775-76. Spears did not move to dismiss the FDUTPA claim on the basis that Plaintiffs alleged a single unfair or unlawful act as opposed to multiple, violative acts. Rather, Spears moved to dismiss the FDUTPA claim on the grounds that the Class Action Complaint is devoid of any factual allegations setting forth Spears' unfair or deceptive conduct.

      B. <u>Plaintiffs' allegation regarding the alleged defectiveness of Spears' CPVC is wholly speculative and does not give rise to a valid FDUTPA claim.</u>

Further, Plaintiffs allege in the Response that "[a]t a minimum, Defendants's CPVC is 'substantially injurious to consumers' given its *propensity* to fail, damage property and cause life/safety issues." Response, p. 9 (emphasis supplied). Plaintiffs do not cite to any authority to

8

support the notion that a product's alleged propensity to fail and cause damage to property and consumers – even if potentially "substantially injuries to consumers" – gives rise to a valid FDUTPA claim. To the contrary, an allegation that a product has the propensity to cause damage is speculative. Physical harm must actually occur to state a cognizable claim. Where a product performs satisfactorily notwithstanding the presence of an alleged defective component, the purchaser of that product has only speculative damages that are not recoverable as a matter of law. *See Breakstone v. Caterpillar, Inc.*, No. 09-23324-CIV, 2010 WL 2164440, *6 (S.D. Fla. May 26, 2010), (citing *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997) ("It is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own.").

> **V. Requiring Plaintiffs to Assert More Than the Conclusory Allegation that Spears is a "Supplier" Within the Meaning of Fla. Stat. § 718.203(2) in Order to Meet the Standard Articulated in *Twombly* and *Iqbal* is Not Tantamount to Asking the Court to Make a Factual Determination.**

Plaintiffs contend that requiring them to assert more than the conclusory allegation that Spears is a "supplier" within the meaning of Fla. Stat. § 718.203(2) is tantamount to asking the Court to make a factual determination or otherwise converting a motion to dismiss into a motion for summary judgment. That contention is incorrect. Plaintiffs essentially ask this Court to take at face value their threadbare and conclusory allegation that Spears is a "supplier." However, as set forth in Spears' Motion to Dismiss, Plaintiffs were required to assert specific allegations of ultimate fact in order to properly allege that Spears acted as a "supplier" within the statutory meaning. *Harbor Landing Condo Owners Ass'n v. Harbor Landing, L.L.C.*, 78 So. 3d 120, 121 (Fla. 1st DCA 2012) (per curiam) (affirming dismissal of statutory warranty claim filed against the manufacturer of a coating used on exterior railings of a condominium building where the

9

manufacturer did not supply the coating to the condominium project). In their Response, Plaintiffs fail to address *Harbor Landing* entirely, instead resting on their conclusory assertions – which are identical to those directed against each of the other CPVC manufacturer Defendants – that "Spears is the designer, manufacturer, wholesaler, distributor, retailer or supplier of CPVC and in the distributive chain of the CPVC pipes and fittings used in the CPVC Life Safety System in the Projects" and that "Spears CPVC, pipes or fittings, are in the Life Safety System in the Projects." Amended Complaint [D.E. 121-1] at ¶¶ 67-68. Such threadbare allegations fall woefully short under the *Twombly* and *Iqbal* pleading standards, because they do not allege how Spears had knowledge of the subject condominiums or knowingly supplied CPVC pipe to those particular buildings. *See Iqbal*, 556 U.S. at 676 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, the trial court is "not bound to accept as true legal conclusion couched as a factual allegation.").

### VI. Plaintiffs Have Once Again Withdrawn Their Purported Claim for Violation of Fla. Stat. § 553.84.

Finally, as set forth in Spears' Motion to Dismiss [D.E. 154], Plaintiffs withdrew their purported cause of action against Spears for violation of the Florida Building Code, Fla. Stat. § 553.84, *et seq.*, yet inexplicably renewed it in their Amended Complaint, without any alterations that might otherwise ameliorate the deficiencies identified in Spears' original Motion to Dismiss Class Action Complaint [D.E. 105]. By way of Plaintiffs' most recent Response [D.E. 166], Plaintiffs yet again withdraw that cause of action. Such withdrawal is proper, as Spears cannot be held liable under the Building Code because Spears is not alleged to have performed any of the construction services, specifically, "the design, construction, erection, alteration, modification,

repair, and demolition of public and private buildings, structures, and facilities," to which the Building Code's construction standards pertain. *See* Fla. Stat. § 553.73(1)(a).

WHEREFORE, SPEARS MANUFACTURING CO. respectfully moves this Honorable Court to enter an Order dismissing Plaintiffs' claims against it with prejudice and for any further relief deemed just and proper under the circumstances.

Date: April 7, 2016

Respectfully Submitted,

*/s/ Andrew S. Connell, Jr.*
Andrew S. Connell, Jr.
Florida Bar No. 38430
David B. Stauber
Florida Bar No.   85446
LITCHFIELD CAVO   LLP
*COUNSEL FOR SPEARS MANUFACTURING CO.*
600 Corporate Drive, Suite 600
Fort Lauderdale, FL 33334
954-689-3000 (Main)

And

*/s/ David R. Stechow*
David R. Stechow
*Pro Hac Vice*
Dstechow@plunkettcooney.com
**COUNSEL FOR SPEARS MANUFACTURING CO**
Plunkett Cooney
150 West Jefferson
Suite 800, Detroit, MI 48226
(248) 901-4000
 (248) 901-4040

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of Court using the CM/ECF on this 7th day of April, 2016 on all counsel or parties of record on the attached service list.

                                                  */s/ Andrew S. Connell, Jr.*
                                                Andrew S. Connell, Jr.
                                                Florida Bar No. 38430
                                                David B. Stauber
                                                Florida Bar No. 85446

| | |
|---|---|
| **Plaintiff: Wind Condominium Association, Inc**., **Lattitude on the River Condominium Assocation** :<br><br>Alton Clayton Hale, Jr.<br>The Forum Building<br>1675 Palm Beach Lakes Blvd.<br>Suite 500<br>West Palm Beach, FL 33401<br>561-868-6774<br>Fax: 561-296-5446<br>Email: Alton@altonhalelaw.com | **Allied Tube & Conduit Corporation, Tyco Fire Products, LP and<br>Defendant Atkor International, Inc.<br>A Delaware corporation formerly known as Tyco International, Ltd, Electrical & Metal Products Division; Defendant Atkore International, Inc. A Delaware Corporation f/k/a Tyco International, Ltd, Electrical & metal Products Division:**<br><br>Daniel Brandon Rogers<br>Shook Hardy & Bacon LLP<br>201 S. Biscayne Boulevard<br>Suite 3200<br>Miami, FL 33131-4332<br>305-358-5171<br>Fax: 305-358-7470<br>Email: drogers@shb.com |
| Ervin Amado Gonzalez<br>Colson Hicks Eidson<br>255 Alhambra Circle<br>Penthouse<br>Coral Gables, FL 33134-2351<br>305-476-7400<br>Fax: 305-476-7444<br>Email: Ervin @coleson.com | Eric Stephen Boos<br>Shook Hardy & Bacon LLP<br>201 S. Biscayne Boulevard<br>Suite 3200<br>Miami, FL 33131-4332<br>305-358-5171<br>Fax: 305-358-7470<br>Email: Eboos@shb.com |
| Stuart H. Sobel<br>Sigfried Rivera Hyman Lerner<br>DeLaTorre Mars & Sobel<br>201 Alhambra Circle<br>Eleventh Floor<br>Coral Gables, FL 33134-5108<br>305-442-3334<br>Fax: 443-3292<br>Email: Ssobel@srhl-law.com | **Defendants: Advanced Materials, Inc.<br>A Delaware Corporation f/k/a Noveon, Inc. and Lubrizol Corporation**<br>Frederick Howard Lebron McClure<br>DLA Piper LLP (US)<br>100 North Tampa Street<br>Suite 2200<br>Tampa, FL 33602<br>813-229-2211<br>Fax: 813-229-1447<br>Email:   Frederick.mcclure@dlapiper.com |

13

| | |
|---|---|
| Patrick Shahan Montoya<br>255 Alhambra Circle<br>Penthouse<br>Coral Gables, FL 33134-2351<br>305-476-7400<br>Fax: 476-7444<br>Email: Patrick@colson.com | J Trumon Phillips<br>100 N. Tampa Street<br>Suite 2200<br>Tampa, FL 33602<br>813-222-5993<br>Fax: 813-371-1193<br>Email: Trumon-phillips@dlapiper.com |
| **Supply Network, Inc.**<br>**a Michigan corporation also known as**<br>**Viking Supplynet**<br>Alan Gary Kipnis<br>Arnstein & Lehr<br>200 East Las Olas<br>Suite 1700<br>Ft Lauderdale, FL 33301<br>Email: agkipnis @arnstein. Com | Harout Jack Samra<br>DLA Piper LLP (US)<br>Suite 2300 Miami, FL 33131<br>305-423-8534<br>Fax: 305-437-8131<br>Email: Harout.Samra@dlapiper.com |
| Jeffrey Brian Shapiro<br>200 East Las Olas Boulevard<br>Suite 1000<br>Fort Lauderdale, FL 33301<br>954-713-7600<br>Fax: 305-374-4744<br>Email Jshapiro@arnstein.com | **Victualic Company**<br>**A New Jersey Company**<br>William Frederick Fink<br>Wicker Smith O'Hara McCoy et al.<br>2800 Ponce DeLeon Blvd<br>8th Floor<br>Coral Gables, FL 33134<br>305-448-3939<br>Fax: 441-1745<br>Email: Wfink@wickersmith.com |
| Andrea Cox<br>Arnstein & Lehr LLP<br>200 South Biscayne Blvd<br>Suite 3600 Miami, FL 33131<br>305-428-4500<br>Fax: 305-397-2155<br>Email: Smappelbaum@arnstein.com: | **Spears Manufacturing, Co.**<br>Andrew S. Connell, Jr.<br>David B. Stauber<br>LITCHFIELD CAVO LLP<br>Radice Corporate Center<br>600 Corporate Drive, Suite 600<br>Fort Lauderdale, FL 33334<br>954-689-3000 (Main)<br>954-689-3001 (Fax)<br>connell@litchfieldcavo.com<br>David R. Stechow, Esq.<br>Pro Hac Vice<br>Dstechow@plunkettcooney.com<br>Plunkett Cooney<br>150 West Jefferson<br> Suite 800, Detroit, MI 48226 |

|  |  |
|---|---|
|  | (248) 901-4000<br>(248) 901-4040 |
| **HD Supply Waterworks Group, Inc.**<br>Alan Mirelman<br>14 East Washington Street<br>Suite 200<br>Orlando, FL 32801<br>407-841-3800<br>Email: amirlman@ringerhenry.com | **George Fischel Harvel, LLC**<br>Scott M. Sarason<br>Amarndo G. Hernandez<br>Rumberger, Kirk & Caldwell, PA<br>Brickell City Tower # 3000<br>80 S.W. 8th Street<br>Miami, FL 33130-3038<br>(305) 358-5577<br>Ssarason@rumberg.com<br>Dockingmiami@rumberger.com<br>Ahernandez@rumberger.Com |
| **Nibco, Inc.**<br>Adam R. Alaee<br>Foley & Lardner, LLP<br>100 North Tampa Street<br>Suite 2700<br>Tampa, FL 33602<br>(813) 229-2300<br>Email:   aalee@foley.com<br>Crowell@foley.com<br><br>Natalia Salas<br>Foley & Lardner LLP<br>2 South Biscayne Boulevard<br>Suite 1900<br>Miami, FL 33131<br>(305) 482-8400<br>Email:   nsalas@foley.com<br>csmellie@folie.com |  |